NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HEALTH PROFESSIONALS AND ALLIED EMPLLOYEES, AFT, AFL-CIO, LOCAL 5091<br><br>    Plaintiff,<br><br>        v.<br><br>BERGEN REGIONAL MEDICAL CENTER, L.P.,<br><br>    Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 08-CV-1031 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon cross-motions by Plaintiff Union Health Professionals and Allied Employees, AFT, AFL-CIO, Local 5091 ("Plaintiff" or "Union") and Defendant Bergen Regional Medical Center ("Defendant" or "Medical Center") for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, this Court concludes that the cross-motions for summary judgment are **denied** and further, the case is **remanded** and **dismissed without prejudice**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff and Defendant entered into an initial collective bargaining agreement ("CBA"), the contract at issue in this matter, covering the period of June 1, 2004 through May 31, 2007. Plaintiff and Defendant entered into an additional collective bargaining agreement covering the period of June 1, 2007 through May 31, 2010. Plaintiff is a labor union that represents a bargaining unit of

registered nurses and non-nursing professionals at Bergen Regional Medical Center, an acute care hospital located in Paramus, New Jersey. Pursuant to the collective bargaining agreement, a resolution of a contractual dispute requires submission to an arbitrator.

Consistent with that procedure, Pamela Malakas, a registered nurse covered by the CBA, submitted a grievance to Arbitrator Michael J., Pecklers, Esq. ("Arbitrator Pecklers"). The issue before Arbitrator Pecklers queried, "Did the hospital violate the CBA, when it refused to give Pamela Malakas, RN the position of Nurse Educator, which was posted in September of 2005? If so, what shall be the remedy?" In addressing this issue, Arbitrator Pecklers considered Articles 5, 9, 14 and 16 of the CBA  By opinion and award, dated, October 30, 2007, Arbitrator Pecklers determined the following:

1. The Grievance is sustained in full. Ms. Malakas shall be retroactively award [sic] the position of Nurse Educator, effective 30 calendar days after the end of the posting period (September 12, 2005), pursuant to Article 16.1A.c., at the appropriate rate of pay.

2. Ms. Malakas will also be made whole for any lost wages (subject to mitigation), health benefits or other emoluments that she would have received had she been appointed.

3. Jurisdiction shall be retained for the limited purpose of assisting with any remedial issues.

4. This matter is remanded to the parties for enforcement action, consistent with the guidance provided herein.

5. This contains the entire award in this matter.

## II.   LEGAL STANDARD

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v.

U.S. Postal Serv., 2009 U.S. App. LEXIS 5673 (3d Cir. 2009). However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). "[T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986). "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c)." Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal citations omitted). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of

litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n., 497 U.S. 871, 889 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

**III.   DISCUSSION**

Before this Court are cross-motions by the parties for summary judgment. The parties do not dispute the underlying liability determination rendered by the arbitrator. However, the parties are in dispute as to the meaning the arbitrator attributes to the word mitigation.

   A.   Mitigation Contentions

Plaintiff contends that in accordance with the award entered by Arbitrator Pecklers, Plaintiff is entitled to be made whole for the interim period between the date of allotted appointment by way of order, October 12, 2005, and the date of actual appointment, February 4, 2008. Further, Plaintiff contends that compensation from actual other employment or compensation from unemployment insurance suffices for purposes of mitigation. Additionally, Plaintiff's moving brief asserts that the "problem of mitigation was not presented until there was a determination that the (CBA) contract was breached" on October 30, 2007. Lastly, Plaintiff contends that the duty to mitigate is not without limitation and applies only where the injured party could have avoided his losses through reasonable efforts, without undue risk, burden or humiliation. See Ingraham v. Trowbridge, 297 N.J. Super. 72 (App. Div. 1997).

Alleging that Plaintiff is incorrect as a matter of law, Defendant asserts that the duty to mitigate arose at the time of breach on October 12, 2005, rather than upon the issuance of the arbitral

4

award. Alternatively, Defendant argues that according to Plaintiff material facts are in dispute regarding the issue of mitigation and the amount of damages subject to mitigation. As a result, Defendant asserts that Plaintiff's motion for summary judgment should be denied.

*i.     When a Duty to Mitigate Arises*

"The Restatement provides some guidance on when the duty to mitigate begins:"

> Once a party has reason to know that performance by the other party will not be forthcoming, he is ordinarily expected . . . to take such affirmative steps as are appropriate in the circumstances to avoid loss by making substitute arrangements or otherwise . . . The amount of loss that he could reasonably have avoided by . . . making substitute arrangements . . . is simply subtracted from the amount that would otherwise have been recoverable as damages.

Id. (citing Restatement (Second) of Contracts, Section 350, comment b). "The *Restatement* further provides how much time the injured party has to make substitute arrangements:"

> The injured party is expected to arrange a substitute transaction within a reasonable time after he learns of the breach . . . The injured party may, however, make appropriate efforts to urge the repudiating party to perform in spite of his repudiation, and these efforts will be taken into account in determining what is a reasonable time.

Id. (citing Restatement (Second) of Contracts comment f (1981)).

"It is well settled that a party claiming damages for breach of contract has a duty to mitigate his loss." Sommer v. Kridel, 74 N.J. 446, 454 n.3 (1977). "Where the defendant has already committed an actionable wrong, whether tort or breach of contract, then this doctrine [avoidable consequences] limits the plaintiff['s] recovery by disallowing only those items of damages which could reasonably have been averted." Lynch v. Scheininger, 162 N.J. 209, 230 (2000). Plaintiff is misguided. The Court disagrees with Plaintiff's proposition that a duty to mitigate is conditioned upon an adjudication ascertaining the existence of such a breach. As a matter of law, this Court concludes that a duty to mitigate, assuming such a duty applies under the particular circumstances of an individual case, arises

5

as a matter of law upon breach.

    *ii.       Scope and Compliance with Duty to Mitigate*

Defendant contends that in failing to apply for nine full-time positions and other per diem shifts posted in the medical center during the interim period, Plaintiff was non-compliant with a duty to mitigate damages permitting an award of summary judgment in Defendant's favor. In opposition, incorporating by reference its moving brief in support of its own motion for summary judgment before this Court, Plaintiff argues that compliance with the duty to mitigate precludes an award of summary judgment in Defendant's favor. Further, as evidence of mitigation, Plaintiff presents the analysis of a forensic accountant, William A. Eber, documenting wages earned during the period in question.

"It is well settled that injured parties have a duty to take reasonable steps to mitigate damages." Ingraham v. Trowbridge, 297 N.J. Super. 72 (App. Div. 1997). "Damages will not be recovered to the extent that the injured party could have avoided his losses through reasonable efforts 'without undue risk, burden or humiliation.'" Id. At the same time,

> (w)here both the plaintiff and the defendant have had equal opportunity to reduce the damages by the same act and it is equally reasonable to expect a defendant to minimize damages, the defendant is in no position to contend that the plaintiff failed to mitigate. Nor will the award be reduced on account of damages the defendant could have avoided as easily as the plaintiff . . . The duty to mitigate damages is not applicable where the party whose duty it is primarily to perform the contract has equal opportunity for performance and equal knowledge of the consequences of the performance.

Id.

This Court finds that a genuine issue of fact arises concerning the scope of the duty to mitigate and the level of compliance exercised and/or required in fulfilment of that duty. Therefore, the cross-motions for summary judgment on this ground are **denied**.

### iii. *Issues of Material Fact*

In support of Plaintiff's motion for summary judgment, Plaintiff submitted a statement of undisputed material facts pursuant to L. Civ. R. 56.1. Therein Plaintiff expressly contests the facts of Paragraphs 10, 12, 13, and 14 set forth in Defendant's statement of undisputed material facts. In response, Defendant contests the facts contained Paragraphs 13-17 and appears to take some issue with Paragraph 12. These disputed facts pertain to efforts of mitigation and damages to be awarded. Clearly, an underlying issue of material fact exists concerning mitigation and as a consequence, the appropriate measure of an award of damages. Therefore, summary judgment on this ground is **denied**.

### B. Arbitration Contentions

#### iii. *Remand*

In the alternative, in the event that summary judgment is not granted in Plaintiff's favor, Plaintiff requests that this matter be remanded to the arbitrator for purposes of clarification of the arbitral award. As a general rule, once an arbitrator renders a decision regarding the issues submitted, it becomes *functus officio* and lacks any power to re-examine that decision. Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F. 2d 327, 329-30 (3d Cir. 1991). In applying the *functus officio* doctrine, The Third Circuit Court of Appeals has recognized the following exceptions: "(1) an arbitrator can correct a mistake which is apparent on the face of his award; (2) where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination; and (3) where the award, although

seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify." In order to discourage arbitrators from changing their reasoning about a decision, redirecting distribution of an award or changing a party's expectations about its rights and liabilities contained in an award, the foregoing exceptions are narrowly drawn. Teamsters Local 312 v. Matlack, Inc, 118 F.3d 985, 991-992 (3d Cir. 1997).[1]

Further, "[a] district court may enforce the damages portion of an arbitral award if such enforcement would simply call for a ministerial calculation." District 1199C, Nat'l Union of Hosp. & Health Care Employees, AFSCME, AFL-CIO v. Genesis Healthcare, 2008 U.S. Dist. LEXIS 98149, *10 (D.N.J. Dec. 2, 2008); see Hart v.Overseas Nat'l Airways, Inc., 541 F.2d 386 (3d Cir. 1976). "However, if the damages award is too ambiguous, the district court cannot enforce it." Id. at *10. "In such a case, the damages portion of the award must be remanded to the arbitrator for clarification." Id.

The portion of the arbitrator's award directing that "Ms. Malakas will also be made whole for any lost wages (subject to mitigation), health benefits or other emoluments that she would have received

---

[1] The exception under category (1) above, permitting an arbitrator to correct a mistake apparent on the face of the award, is designed for cases of clerical mistakes or obvious error of arithmetic computation. Id. The rationale for the exception under category (2) above, authorizing an arbitrator to decide a remaining issue which has been submitted by the parties, but not resolved, is that the arbitration agreement between the parties is still in force and the arbitrator's power over the remainder of the unresolved submission continues. Id. The exception under category (3) above, entitling an arbitrator to clarify an ambiguity in a "seemingly complete" award where there is "doubt whether the submission has been fully executed," does not undermine the policy considerations that prohibit arbitrators from re-examining awards "for there is no opportunity for redetermination on the merits of what has already been decided." Id. The Third Circuit Court of Appeals explained that the La Vale decision illustrates the situation in which re-submission to an arbitration panel for clarification is permissible. Teamsters Local 312 v. Matlack, Inc, 118 F.3d 985, 991-92 (3d Cir. 1997). There, an arbitration award had been issued in favor of the defendant for approximately $31,000. Id. (citing La Vale Plaza Inc. v. R.S. Noonan, Inc, 378 F.2d 569 (3d Cir. 1967)). Plaintiff filed an action to recover approximately $25,000, the difference between the arbitration award and a deposit made during the pendency of the arbitration proceedings of approximately $56,000. Id. The defendant contended that the arbitration panel recognized the deposit as a partial payment and awarded an additional payment of $31,000 thereafter. The court held the award required clarification as it contained apparent ambiguity as to whether it required an additional payment to the defendant or a partial refund to the plaintiff.

had she been appointed" requires more than ministerial calculation. Notably, Arbitrator Pecklers' award explicitly retained jurisdiction for purpose of assisting with any remedial issues. Therefore, for purposes of clarification concerning the damages issue only, this matter is **remanded** to Arbitrator Pecklers**.**

      ii.     *Dismissal*

Alternatively, Defendant asserts that "[i]n the event that summary judgment is not granted to Defendant based on the reasons stated in Point II, summary judgment is appropriate because the damages portion of the arbitral award is ambiguous and enforcement of the award requires more than a ministerial calculation." Further, Defendant asserts that in the event this Court decides to remand the arbitration award to Arbitrator Pecklers for purposes of clarification, the complete arbitration rule requires dismissal of this matter from this Court. In support of that proposition, Defendant cites to Genesis Healthcare, 2008 U.S. Dist. LEXIS 98149 at *10.

"The purpose behind the complete arbitration rule is to prevent the 'fragmented litigation' that would often occur if the district court were to entertain petitions regarding incomplete arbitrations." Id. "Indeed, such fragmented litigation could result in this case if the Court were to remand on the issue of damages without also dismissing Union's petition to confirm the arbitral award." Id. "Because this Court has decided that the issue of damages must be remanded to the arbitrator for clarification, the complete arbitration rule mandates that this action be dismissed in its entirety." Id.

Consistent with Genesis Healthcare, this Court concludes that the complete arbitration rule requires dismissal of the action before this Court. Therefore, at this time, this action is **dismissed without prejudice**.

9

**IV.**     C<span>ONCLUSION</span>

For the foregoing reasons, the cross-motions of Plaintiff and Defendant for summary judgment pursuant to Fed. R. Civ. P. 56 are **denied**.  This matter is **remanded** and **dismissed without prejudice.**

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Dated:     January 8, 2010
Original:  Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File